IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCESS M. WOMACK,<br>1630 S. Conestoga Street<br>Philadelphia, PA 19143<br><br>   Plaintiff,<br><br> vs.<br><br>NATIONAL ACTION FINANCIAL<br>SERVICES,<br>165 Lawrence Bell Drive, Suite 100<br>Williamsville, NY 14231-9027<br><br>   Defendant. | Civil Action No. 2:06-CV-04935-MMB |

DEFENDANT NATIONAL ACTION FINANCIAL SERVICES'
MOTION SEEKING LEAVE TO SUPPLEMENT ITS MOTION
TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 12(b)(6).

  Defendant, National Action Financial Services ("NAFS") through its counsel, Marshall, Dennehey, Warner, Coleman & Goggin had previously filed a Motion to Dismiss which is pending before this court. Defendant seeks to supplement said motion and avers in support as follows:

  1. On December 1, 2006, NAFS filed a Federal Rule 12b(6) Motion to Dismiss and a supporting memorandum of law.

  2. On December 8, 2006, Plaintiff, Lancess Womack, filed a response in opposition to NAFS' Motion to Dismiss.

  3. On March 29, 2007, Counsel for Plaintiff filed a substantially similar lawsuit to the Womack lawsuit. Compare Eleazer v. National Action Financial Services, 07-cv1275-JS with Womack. A copy of the Eleazer Complaint is attached hereto as Exhibit "A".[1]

---

[1] Additionally, on January 8, 2007, counsel for Plaintiff filed a substantially similar complaint in Campuzano-Burgos, et al. v. Midland Credit Management, 07-cv-00092-SD and, on February 13, 2007, another individual action, Henderson v. Midland Credit Management, in the United States District Court for the District of New Jersey (Camden), 07-cv-0766-RMB-AMD.

4. On April 27, 2007, counsel for NAFS filed a Federal Rule 12b(6) Motion to Dismiss with supporting memorandum of law.

5. On May 2, 2007, Plaintiff's counsel voluntarily dismissed <u>Eleazer</u>.

6. As a result of the multiple lawsuits filed by Plaintiff's counsel on the same issue of law, NAFS recognized that its Motion to Dismiss in <u>Womack</u>, requires supplementation regarding Plaintiff's misinterpretation of §1692e(9), as further justification for dismissal of the <u>Womack</u> complaint.

7. NAFS seeks leave to file a supplemental memorandum of law to address Plaintiff's misapplication of 15 U.S.C. §1692e(9) which forms the basis of Plaintiff's allegations of deceptive conduct by NAFS under the FDCPA. A copy of the supplemental memorandum of law is attached hereto as Exhibit "B".

WHEREFORE, Defendant, National Action Financial Services, respectfully requests that this Honorable Court grant this Motion for Leave to Supplement its Motion to Dismiss.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
    COLEMAN & GOGGIN


By:   <u>*(s) Andrew M. Schwartz / AMS121*</u>
      ANDREW M. SCHWARTZ, ESQUIRE
      1845 Walnut Street, 17th Floor
      Philadelphia, PA 19103
      (215) 575-2765
      Attorney for Defendant, National Action Financial Services