IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCES M. WOMACK, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONAL ACTION FINANCIAL SERVICES, | : | |
| | : | |
| | : | NO. 06-4935 |
| Defendant. | : | |

**MEMORANDUM**

**Baylson, J.**                                                                                                       **July 25, 2007**

Presently before the Court are the Motion to Dismiss (Doc. No. 3), pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendant, National Action Financial Services ("Defendant"), and Defendant's Motion (Doc. No. 6) on May 3, 2007, seeking leave to file a supplemental memorandum of law in support of its Motion to Dismiss.  The Motion to Dismiss presents the question whether a debt collection letter, which otherwise comports with the validation of debt disclosures required by the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. § 1692a *et seq*., still violates the Act because it could be misinterpreted as having been authored by the Chief Operating Officer of the debt collector.  Defendant's Motion seeking leave to supplement its Motion to Dismiss will be denied.  Defendant's Motion to Dismiss will be granted in part, as to claims under 15 U.S.C. §§ 1692e and 1692e(10), and denied in part, as to claims under 15 U.S.C. § 1692e(9).

**I.      Background**

      **A.      Procedural History**

On November 7, 2006, Plaintiff filed a Complaint (Doc. No. 1) in this Court, bringing a

claim pursuant to the FDCPA. Defendant filed its Motion to Dismiss (Doc. No. 3) on December 1, 2006. Plaintiff's Response (Doc. No. 4) was filed December 8, 2006. On May 3, 2007 Defendant filed a Motion for Leave to File a Supplemental Memorandum of Law in Support of its 12(b)(6) Motion (Doc. No. 6). Plaintiff filed a Response (Doc. No. 7) on May 15, 2007.

B.  **Allegations in the Complaint**

According to the Complaint, Defendant sent a letter to Plaintiff on March 10, 2006, attempting to collect a consumer debt allegedly owed by Plaintiff. (See Compl. Ex. A.) The March 10, 2006 letter includes the name and title "James P. Rich, Jr., Chief Operating Officer," which Plaintiff characterizes as a typewritten signature. (See Compl. ¶ 11.) Plaintiff claims Mr. Rich was not involved in the collection of the alleged debt, and neither authored nor directed the sending of the March 10, 2006 letter. (Id. ¶ 14.) The Complaint alleges that because Mr. Rich was not so involved, therefore Defendant "falsely, deceptively, or misleadingly represent[ed] the involvement of its Chief Operating Office in the collection process," in violation of §§ 1692e, 1692e(9), and 1692e(10) of the FDCPA.[1] (Id. ¶ 16.)

---

[1] The FDCPA provide, in relevant part,
> A debt collector may not use any false deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

II.     **Motion for Leave to File a Supplemental Brief**

Defendant seeks leave to supplement its Motion to Dismiss, adding argument regarding Plaintiff's claims under 15 U.S.C. §§ 1692e(9) and 1692e(10), the former of which Defendant characterized as a typographical error in its first brief. Defendant filed this Motion more than five months after its Motion to Dismiss. Plaintiff argues that Defendant has failed to show good cause why the Court should allow a supplemental brief at this juncture.

The Federal Rules do not require a party to show good cause, however the circumstances under which a defense may be raised are still limited. Fed. R. Civ. P. 12(h)(2) ("A defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.") Rule 7(a) does not allow what Defendants now requests.[2] However, although the Court will deny Defendant's instant Motion, Defendant may yet raise the same issues by motion for judgment on the pleadings, pursuant to Rule 12(g).[3]

---

[2]Rule 7(a) provides:
> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Fed. R. Civ. P. 7(a).

[3]Rule 12(g) provides:
> A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a

### III.   Motion to Dismiss

####   A.   Parties' Contentions

Defendant's Motion was accompanied by a Statement of Undisputed Facts. Since the appropriate standard of review for a 12(b)(6) motion takes as true all well-pleaded allegations in the Complaint, Defendant's statement may be disregarded by the Court, along with Plaintiff's response thereto.[4]

Defendant claims the March 10, 2006 letter comports with the notice requirements of the FDCPA, 15 U.S.C. §§ 1692e(11) and 1692g(a), and therefore Plaintiff has failed to state a claim for which relief may be granted. According to Defendant, the letter is not deceptive, false, or misleading, as a matter of law, when viewed through the eyes of the "least sophisticated consumer." Defendant maintains that Plaintiff has inappropriately applied to it the standard to which an attorney-as-debt-collector would be held. Defendant argues that using the name of a non-attorney employee of the debt collector could not be considered deceptive, false, or misleading, even if such employee did not directly authorize of draft a collection letter, and so does not violate § 1692e(10). Defendant further suggests that Plaintiff must have made a typographical error when invoking § 1692e(9), and moves the claim be stricken from the Complaint as "clearly inapplicable to the facts in this case."

Plaintiff claims that the March 10, 2006 letter appears to a "very unsophisticated

---

> motion based on the defense or objection so omitted, except a
> motion as provided in subdivision (h)(2) hereof on any of the
> grounds there stated.

Fed. R. Civ. P. 12(g).

[4]The undersigned requires a Statement of Undisputed Facts with motions for summary judgment, but not with motions to dismiss.

consumer" to have been sent by the Chief Operating Officer.  Plaintiff argues that a letter which appears to have been sent by one of the collectors's highest ranking officers is deceptive if that officer did not send or authorize the sending of that letter.  According to Plaintiff, this violates § 1692e.  Plaintiff further claims that using the name and title of a member of a debt collector's senior management, rather than "any old commission-based collector," is a coercive and deceptive practice in violation of § 1692e(10).  According to Plaintiff, Mr. Rich was not merely identified as a contact in the letter, but the letter was signed by Rich.  Plaintiff argues that the March 10, 2006 letter therefore also violates the prohibition against creating a false impression as to its source, authorization, or approval, in violation of § 1692(9).  Plaintiff further argues that since Defendant only addressed this aspect of the Complaint in its Motion to Dismiss as a presumed typographical error, the Motion should be deemed waived as to this particular allegation.

    **B.**    <u>**Standard of Review**</u>

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments.  <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  <u>Angelastro v. Prudential-Bache Sec., Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985).  A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff.  <u>Ransom v. Marrazzo</u>, 848 F.2d 398, 401 (3d Cir. 1988).  To decide a motion to dismiss, courts can consider the allegations contained in the complaint, exhibits attached to the complaint and matters of public record, including government

agency records. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

### C. Discussion

Congress enacted the FDCPA "to eliminate abusive debt collection practices which contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) (internal quotations omitted). However, "[a] significant purpose of the Act is not only to eliminate abusive practices by debt collectors, but 'to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" Brown v. Card Service Center, 464 F.3d 450, 453 (3d Cir. 2006) (*quoting* 15 U.S.C. § 1692(e)).

The FDCPA is a remedial statute, to be construed broadly so as to effect its purpose. Id. Accordingly, when addressing claims under § 1692g, the Act "should be analyzed from the perspective of the 'least sophisticated debtor.'" Id. (*quoting* Quadramed, 225 F.3d at 354). This is a lower standard than "'simply examining whether particular language would deceive or mislead a reasonable debtor' because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." Id. at 454 (*quoting* Quadramed, 225 F.3d at 354). Nevertheless, although the least sophisticated consumer standard will protect even naive consumers, "it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Quadramed, 225 F.3d at 354-355.

The Third Circuit, in applying the least sophisticated consumer standard, has found,

"whether language in a collection letter contradicts or overshadows the validation notice [required by § 1692g] is a question of law." Quadramed, 225 F.3d at 353 n. 2. The Third Circuit has noted a close relationship between sections 1692e and 1692g. See Graziano v. Harrison, 950 F.2d 107 (3d Cir. 1991) ("We feel, however, that the juxtaposition of two inconsistent statements [in violation of § 1692e(10)] also rendered the statutory notice invalid under section 1692g."). Although the Third Circuit has not expressly found the application of the least sophisticated consumer standard to be a matter of law under § 1692e, other circuits have. See, e.g., Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993); Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1227 (9th Cir.1988); Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1174-75 (11th Cir.1985). Courts in this District have done the same. See, e.g., Farren v. RJM Acquisition Funding, LLC, No. 04-995, 2005 WL 1799413, at *5 (E.D. Pa. July 26, 2005); King v. Arrow Fin. Servs., LLC, No. 02-867, 2003 WL 21780973, at *2 (E.D. Pa. July 31, 2003). Therefore, application of the least sophisticated consumer standard to § 1692e is a question of law. See Nelson v. Select Fin. Servs., 430 F.Supp.2d 455 (E.D. Pa. 2006) (finding a collection letter to be deceptive based solely on the text of the letter).

     Plaintiff contends that the March 10, 2006 letter could be read by the least sophisticated consumer as having been authored and signed by the Chief Operating Officer of the Defendant, and that such an impression effectively misrepresents the importance and urgency of the communication, in violation of § 1692e(10). In its brief, Defendant denies that Mr. Rich was a "signatory" to the March 10, 2006 letter. Notwithstanding the requirement under Rule 12(b)(6) to accept Plaintiff's factual allegations as true, the Court is not bound by Plaintiff's interpretation of the March 10, 2006 letter, and may make its own conclusions as a matter of law. Mr. Rich's

name clearly appears in the letter.  The Court must therefore determine whether the March 10, 2006 letter could be interpreted by the least sophisticated consumer in the way Plaintiff claims, or whether such an interpretation would be "bizarre or idiosyncratic."

The main body of text in the March 10, 2006 letter is typed, all in caps, all in the same sized font.  The last sentence of the second paragraph reads, "FOR FURTHER INFORMATION, WRITE THE UNDERSIGNED OR CALL 1-877-829-7982."  The first three paragraphs are followed by, "JAMES P. RICH, JR., CHIEF OPERATING OFFICER."  The next two paragraphs, the contents of which are statutorily required, are followed by the name and address of the Defendant, which completes the letter.  Mention of "the undersigned" therefore precedes both Rich's name as well as the name and address of Defendant.  The last lines of the March 10, 2006 letter contain only the name and address of Defendant, without reference to Mr. Rich.  While not necessarily bizarre, it may be considered rather idiosyncratic for the sender of a business letter to sign his name in the middle of the page, preceding almost half the text of the letter.  Mr. Rich's name and title appear alone on a single line, without any explanatory phrasing, such as, "For more information, please contact . . ."  The least sophisticated consumer could construe Mr. Rich as a signatory to the March 10, 2006.

In Card Service Center, 464 F.3d at 455, the Third Circuit held, "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." (Vacating dismissal when plaintiff alleged a debt collection letter appearing to threaten litigation was deceptive because debt collector had no intention of suing) (citation omitted).  Plaintiff asserts the March 10, 2006 letter is deceptive, because there is a difference in meaning between a letter signed by Defendant and a letter signed by Mr. Rich.  Even if the Court

were to accept Plaintiff's argument that the least sophisticated consumer would believe Mr. Rich had signed the March 10, 2006 letter, Plaintiff has failed to point to any authority supporting the contention that this constitutes a violation of § 1692e or § 1692e(10).

The general language of 15 U.S.C. § 1692e clearly states that it does not constitute a comprehensive list of false, deceptive, and misleading representations. However, the situation that gave rise to the rule in <u>Card Service Center</u> stated above is inapposite to the current situation. There, the debt collector's assertion that it could take legal action against the alleged debtor was deceptive because, even though such action could be taken, the debt collector had no intention of doing so. <u>Id.</u> at 354. Here, although the alleged debtor may erroneously believe the Chief Operating Officer of the debt collector personally signed the letter, this apparent misapprehension in no way affects the alleged debtor's assessment of her rights under the FDCPA, or what the likely subsequent actions by the debt collector will be.

Defendant interprets the claim under 15 U.S.C. § 1692e(10) as analogizing the Chief Operating Officer to an attorney, in that the signature of such a person on a debt collection letter gives the letter extra weight which would only be appropriate under the FDCPA if the signatory were directly involved in writing or authorizing the letter. <u>See</u> 15 U.S.C. § 1692e(3) (establishing as a false, deceptive, or misleading representation in violation of the FDCPA "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney.") Despite Plaintiff's refutation of Defendant's interpretation, the rule which Plaintiff asks the Court to adopt vis-á-vis Mr. Rich is the same as the rule expressly adopted by Congress regarding attorneys acting in their capacity as such. Plaintiff claims the allegedly false pretense that Plaintiff's debt has warranted the attention of a senior manager was used as a

"means to collect or attempt to collect" a debt, see 15 U.S.C. § 1692e(10), by giving the letter a misleading aura of importance.  As the Seventh Circuit explained,

> An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up . . . .  A letter from an attorney implies that a real lawyer, acting like a lawyer usually acts, directly controlled or supervised the process through which the letter was sent . . . .  A debt collection letter on an attorney's letterhead conveys authority.

Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1993).  The Court will not extend the rule to non-attorneys merely because Plaintiff purports to claim it under a different section of the Act.

**IV.     Conclusion**

Defendant's Motion Seeking Leave to Supplement its Motion to Dismiss will be denied.  Defendant failed to challenge Plaintiff's claim under § 1692e(9) in its original Motion, except as a typographical error.  It is clear that Plaintiff's claim is not a typographical error.  As noted above, Defendant may raise the proposed supplemental arguments presented at a later date.  For purposes of the instant Motion to Dismiss, however, Plaintiffs claims under § 1692e(9) survive as unchallenged.  Defendant's Motion to Dismiss will be denied as to claims under 15 U.S.C. § 1692e(9).  In the event Plaintiff can plead different facts to remedy the defects identified above, Defendant's Motion to Dismiss will be granted, and Plaintiffs' claims under 15 U.S.C. §§ 1692e and 1692e(10) will be dismissed without prejudice.

An appropriate Order follows.

O:\CIVIL\06-4935 Womack v. NAFS\06-4935 Womack v. NAFS MTD.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCES M. WOMACK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 06-4935 |
| NATIONAL ACTION FINANCIAL SERVICES, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this **25th** day of July, 2007, upon consideration of Defendant's Motion to Dismiss (Doc. No. 3), and the Response thereto, it is hereby ORDERED that Defendant's Motion is GRANTED in part, and DENIED in part. Plaintiff's claims under 15 U.S.C. §§ 1692e and 1692e(10) are dismissed without prejudice, with leave to file an amended Complaint within fourteen (14) days. Defendant's Motion Seeking Leave to Supplement its Motion to Dismiss re 15 U.S.C. § 1692e(9) (Doc. No. 6) is DENIED, without prejudice to file a Motion for Judgment on the Pleadings within fourteen (14) days.

BY THE COURT

s/Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.